# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Craig & Debra Ashford, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Valentine & Kebartas, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiffs, Craig & Debra Ashford, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), N.C. Gen.Stat. § 75-50 et seq., and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.     The Plaintiffs, Craig & Debra Ashford (herein, "Plaintiffs"), are adult individuals residing in Jacksonville, NC, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant Valentine & Kebartas, Inc. (herein, "Valentine"), is a Massachusetts business entity with an address of 5 Union Street Lawrence, Massachusetts 01840, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Valentine and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Valentine at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiffs incurred a financial obligation in the approximate amount of nine thousand dollars (herein, the "Debt") to Sears (herein, the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Valentine for collection, or Valentine was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Valentine Engages in Harassment and Abusive Tactics

12. Valentine phoned the Human Resources department of Plaintiff Craig Ashfords place of employment, screamed at the third party who answered and demanded to know where Craig Ashford worked and illegally discussed the Debt with a third party.

13. Valentine misrepresented to Plaintiffs that it was a law firm and would garnish Plaintiffs' wages.

14. In the course of communication with Plaintiffs, Valentine yelled and used profane, vulgar language.

15. Valentine failed to provide Plaintiffs with a written notification validating the Debt.

16. Valentine falsely accused Plaintiff Debra Ashford of committing a felony.

### C. Plaintiff Suffered Actual Damages

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

21. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed a third party that the Plaintiffs' owed a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiffs' debt on numerous occasions, without being asked to do so.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiffs at a place and during a time known to be inconvenient for the Plaintiffs.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff Craig Ashford at his place of employment, knowing that the Plaintiff's employer prohibited such communications.

25. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiffs, the Plaintiffs' attorney, or a credit bureau.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

28. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the legal status of the Debt.

4

29. The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiffs into believing the communication was from a law firm or an attorney.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with garnishment if the Debt was not paid.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiffs a validation notice stating the amount of the Debt.

33. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the Debt was owed.

34. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiffs a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

35. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiffs are entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

37. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

5

38. The Plaintiffs are "consumers" as the term is defined by N.C. Gen.Stat. § 75-50(1).

39. The Plaintiffs incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

40. The Defendants are a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

41. The Defendants' conduct violated N.C. Gen.Stat. § 75-52 in that Defendants used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the debt.

42. The Defendants' conduct violated N.C. Gen.Stat. § 75-52(2) in that Defendants used profane or obscene language, or language that would ordinarily abuse the typical hearer or reader.

43. The Defendants' conduct violated N.C. Gen.Stat. § 75-52(3) in that Defendants caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances.

44. The Defendants' conduct violated N.C. Gen.Stat. § 75-52(4) in that Defendants placed telephone calls or attempted to communicate with the Plaintiff, contrary to his instructions, at his place of employment.

45. The Defendants' conduct violated N.C. Gen.Stat. § 75-53(1) in that Defendants unreasonably publicized information regarding a consumer's debt by communicating with a person other than the Plaintiffs or their attorney.

46. The Defendants' conduct violated N.C. Gen.Stat. § 75-54(2) in that Defendants failed to disclose in all communications attempting to collect a debt that the purpose of such communication was to collect a debt.

### COUNT III
### VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

47. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

49. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

50. Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiffs are entitled to damages plus reasonable attorney's fees.

### COUNT IV
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

51. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Without prior consent the Defendants made telephone calls to the Plaintiffs' residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

53. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

54. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

55. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

57. North Carolina further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated North Carolina state law.

58. The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiff by telephone, and informing his employer about a the Debt.

59. The telephone calls made by Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

60. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

8

Case 7:10-cv-00229-D   Document 1   Filed 11/04/10   Page 8 of 10

61. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

62. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

63. Defendants could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiffs.

64. Plaintiffs did indeed suffer mental anguish and severe emotional distress including embarrassment, humiliation and anger.

65. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of North Carolina.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to N.C.G.S. § 75.16.1;

5. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

6. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 29, 2010

Respectfully submitted,

By __Stacie Watson_____

Stacie Watson, Esq.
Law Office of Stacie Watson.
P.O. Box 1412
Apex, North Carolina 27502
Telephone: (919) 522-6128
Facsimile: (919) 439-5308
Attorneys for Plaintiff

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666